**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ROUTES 202 AND 309 AND NOVELTIES GIFTS, INC.,** | : : : : : | |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : : | **NO.  11-5822** |
| **THE KINGS MEN et al,** | : : : | |
| Defendants. | : : : : : | |

**SCHEDULING ORDER**

Tucker, J.

     **AND NOW**, this _____ day of November, 2012, **IT IS ORDERED** as follows:

**Discovery**

    1.  All fact discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be noticed, served and completed by **Monday, March 18, 2013**. Discovery may take place thereafter by agreement of the parties without court approval, so long as the trial will not be delayed and trial preparation will not unreasonably be disrupted.  No discovery may take place during the trial unless directed by the court.

**Motions**

    2.  All motions to amend the complaint, join or add additional defendants or name John Doe defendants shall be filed by **Monday, December 17, 2012**.  All motions in limine shall be filed and served at least five (5) business days before the trial date.  All other motions shall be filed and served prior to the close of the discovery period.  Any motions filed in violation of this order shall be deemed waived unless good cause is shown.

    All briefs must be on 8.5 by 11 inch sequentially numbered pages.  The text must be double-spaced. Headings and footnotes may be single-spaced.  The font must be twelve (12) point.  The margins must be one (1) inch on all four sides.  **No brief filed in support of or in opposition to any motion shall exceed twenty-five (25) pages in length without prior leave of court.**  Any brief filed in support of or in opposition to any motion that exceeds ten (10) pages in length must be accompanied by a table of contents.  Reply briefs are generally not helpful and are discouraged by the court;  as such, reply briefs cannot be filed without prior leave of court.  A reply brief is limited to a maximum of seven (7) pages, and must be filed within five (5) business days of the filing of the opposing party's response.

**<u>Procedure on Summary Judgment</u>**
**<u>for Those Moving Under Fed R. Civ. P. 56(b)</u>**

3.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.  All motions for summary judgment or partial summary judgment shall be filed and served on or before **Friday, May 17, 2013**.

**Initial Filing of Moving Party**: A party referred to and moving under Fed. R. Civ. P. 56(b) may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

(1) identify in outline form the issue(s) and/or sub-issue(s) as to which the
Motion is directed, for example, referring to the pleadings;
(2) affirm, on the basis prescribed in Fed. R. Civ. P. 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and
(3) request judgment as provided in Fed. R. Civ. P. 56(c).

The initial filing by the moving party **should** **not** **exceed** **three (3)** **double-spaced,** **type-written pages.**

**Response of Non-Moving Party**: The party against whom the Motion for Summary Judgment is addressed shall file and serve a Response on or before **Friday, June 7, 2013**  The Response, subject to provision of Fed. R. Civ. P. 56(e) and (f), shall be supported with affidavits, depositions, documents or other evidence permitted by those provisions. Where applicable, references to such evidence must include **specific** citations to exhibit, page, and line number.

**Reply of Moving Party**:  The Movant shall file a Reply as permitted by Fed. R. Civ. P. 56(e) and (f). Such a Reply must be filed not later than ten (10) days after the Response is served.  The Reply must **specify** the relevant exhibit, page, and line numbers when referring to the record.

**<u>Trial</u>**

4.  All parties shall prepare and file with the Clerk of Court and opposing counsel their pretrial memoranda, in accordance with Local Rule 16.1(c)(1) - (7), inclusive, as follows:

A.  Plaintiff - at least twenty (20) days prior to the trial date.

B.  Defendant - at least ten (10) days prior to the trial date.

5.  Any party having an objection to the admissibility of any exhibit based on authenticity or the adequacy of the qualifications of an expert witness expected to testify, shall set forth separately each such objection in their pretrial memorandum.  Such objection shall describe with particularity the ground and the authority for the objection.

6.  The case will be placed on the court's trial list on **Monday, August 12, 2013**.

7.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the court expects use of oral or videotape depositions at trial of any witness whose

testimony a party believes is essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of the trial.  Any oral or videotape deposition for use at trial shall be held at least five (5) business days before the trial date.

8.  Any party who contends or will contend that the proposed testimony of any expert witness requires a Daubert hearing must file a motion with the Clerk of Court at least thirty (30) days prior to the trial date so that the hearing can be held prior to trial and without impinging upon the jury's time.  The motion must thoroughly set forth valid reasons for the challenge.

In the event a deposition is to be offered at trial, the offering party shall file with the court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Portions of the deposition offered by the plaintiff shall be marked in blue; portions offered by the defendant, in red.  Where a court ruling is necessary, the basis for unresolved objections shall be stated in five (5) words or less in the margin of the deposition page(s) and a covering list of such objections supplied therewith.

9.  **(JURY CASES ONLY)**  All proposed jury instructions shall be numbered and shall have citations of authority for each point (one point per page).  If a model jury instruction is submitted, for instance, from O'Malley, et al., Federal Jury Practice and Instructions, (5th Edition) or Pennsylvania Suggested Standard Civil Jury Instructions, counsel shall state whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it may be submitted by title and paragraph reference only.

At least fifteen (15) business days before the trial date, counsel shall exchange proposed jury instructions and proposed jury interrogatories.  Counsel for the plaintiff is directed to initiate the scheduling of a meeting of all counsel to be held at least ten (10) business days before the trial date, at which counsel shall meet, discuss and submit to the court one complete set of agreed upon jury instructions and jury interrogatories.  The original shall be filed with the Clerk of Court. If a good faith effort is not made to comply with this directive, the trial may be continued or sanctions imposed on individual counsel.

If the parties are unable to agree upon certain jury instructions or jury interrogatories, at least five (5) business days before the trial date, the party proposing the instruction or interrogatory shall submit to the court one (1) copy of the proposed instruction or interrogatory and its citation of authority and the party opposing the instruction or interrogatory shall submit to the court one (1) copy of its specific objection, citation of authority and proposed alternative.  The originals shall be filed with the Clerk of Court.

At least five (5) business days before the trial date, each party shall file a trial memorandum on the legal issues involved in the case and that party's proposed voir dire questions.  The originals shall be filed with the Clerk of Court.

At least five (5) business days before the trial date, each party shall submit to the court a one page or less summary in non-legalese language of its contentions with reference to the facts, theories of liability and damages.  Prior to the beginning of voir dire, the other party may file objections or alternatives to this summary.  The summary will be used by the court in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual issues in the case.

A courtesy copy of the proposed jury interrogatories, jury instructions, and verdict forms will be submitted to the chambers of Judge Tucker on a clearly labeled disc in WordPerfect format and/or by

electronic mail.

**BY THE COURT**:

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**