UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROUTES 202 and 309 NOVELTIES GIFTS, INC. Plaintiff, vs. THE KING'S MEN, et al. Defendants. | CIVIL ACTION NO. 11-cv-5822 (Judge Petrese Tucker ) |

**Brief in Opposition to Plaintiff's Motion to Compel Settlement**

I.  **Statement of Case**

   a. **Procedural History**

This action was initiated by Complaint filed on September 15, 2011, simultaneously with a Motion for Temporary Restraining Order and Permanent Injunction. The motion was denied by the Court on September 16, 2011, but a hearing was scheduled. After a hearing, the Court denied Plaintiff's Motion for Temporary Restraining Order and Permanent Injunction in its entirety on October 14, 2011.

On November 4, 2011, Defendants filed a Motion to Dismiss for Failure to State a Claim, or, in the Alternative, for Summary Judgment, which was dismissed without prejudice on August 14, 2012. Defendants filed an Answer, Affirmative Defenses, & Counterclaim to Plaintiff's Complaint on September 4, 2012. On October 15, 2012, Plaintiff filed a Motion to Dismiss Defendants' Counterclaim, which was denied on November 20, 2012. On April 17, 2013, the Court set a discovery deadline of May 15, 2013.

On May 29, 2013, Defendants filed a Motion for Summary Judgment. On May 29, 2013, Plaintiff filed a Motion for Summary Judgment of Defendant's Counterclaim. On June 26, 2013, Plaintiff filed an Answer to Defendant's Counterclaim. On July 17, 2013, Defendants filed a

1

Motion to Strike Untimely Answer to Counterclaim. On July 31, 2013, this Court struck Plaintiff's Answer to Defendants' Counterclaim. On March 7, 2014, this Court denied both parties' motions for summary judgment, but found that Defendants' Counterclaim facts were "deemed admitted by way of Plaintiff's failure to respond to the counterclaim." (Document 79, pg. 14).

This case was scheduled to begin trial on January 12, 2015. On that date, the parties reached an agreement which was placed on the record. The Court also entered an Order pursuant to F.R.C.P 41(b) dismissing the case with prejudice on January 12, 2015 (Document 110). On February 24, 2015, Plaintiff filed a Motion to Compel Settlement (Document 112).

    b. **Statement of Facts**

The terms of the parties' agreement were placed on the record on January 12, 2015, with both Plaintiff's and Defendants' affirmation that those were the full and final terms of the settlement. It was never agreed that the terms would be placed in writing or signed off on by the parties.

**II.**    **Argument**

This case was dismissed under F.R.C.P. 41(b) and therefore this Court no longer retains jurisdiction. The dismissal under 41(b) was requested by both Plaintiff and Defendants on January 12, 2015, as part of the settlement agreement, which was read into the record. The parties asked that the case be dismissed with no need for a written release. In fact, the parties never agreed to a written release. The settlement agreement read into the record on January 12, 2015, is the full and final settlement, and is a fully enforceable oral agreement with no need for a written release.

### a. This Court No Longer Retains Jurisdiction

At the request of both parties, this action was dismissed pursuant to F.R.C.P. 41(b). Counsel for Plaintiff stated, "We do have a resolution that we would like to place on the record which will resolve this matter and end the litigation with dismissal under 41(b) … Mr. Conrad has the agreement in front of him that he can read into the record" (Transcript attached here to as Ex. A, p. 3, l. 12-14, 17-18). After the agreement was read into the record, Mr. Conrad requested that the case be dismissed immediately by the court (Ex. A., p. 5, l. 25).  According to the Rule 41 dismissal, this Court no longer has jurisdiction over this case "Because the parties' obligation to comply with the Settlement Agreement was not made part of the dismissal order, and the district court did not otherwise possess an independent basis for jurisdiction, the district court lacked subject matter jurisdiction to rule on Giant Eagle's motion to enforce." *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 275 (3d Cir. 1999). Further, at no time did this Court have the authority to force the parties to memorialize the terms of their agreement in a written release. "A trial court has no authority to require the parties to formalize the terms of the release before it will acknowledge that a settlement has been reached." *Mastroni-Mucker v. Allstate Ins. Co.*, 2009 PA Super 101, 976 A.2d 510 (2009).

### b. The Parties Never Agreed to a Written Release

Despite Plaintiff's assertions otherwise, the parties never agreed to sign a written settlement agreement. The full and final terms of the parties' settlement were placed on the record, and both parties requested a dismissal under F.R.C.P. 41(b). In fact, the Court specifically asked whether the parties wanted the Court to wait to enter the dismissal until after receiving something in writing, but Mr. Conrad specifically said no and requested that the case be dismissed immediately.

>The Court: Okay. Once the court receives a copy, I will sign off on it or do you want me to dismiss it today to be followed by the order.
>
>Mr. Conrad: Yes, ma'am.
>
>The Court: The latter?
>
>Mr. Conrad: The latter, yes, ma'am. (Ex. A, p. 5, l. 19-25).

Pursuant to this conversation on the record, the Court immediately dismissed the case and then filed an Order dismissing the case under F.R.C.P. 41(b) (Document 110). Plaintiff may have misunderstood the terms of the settlement agreement. However such misunderstandings do not invalidate a settlement. (See e.g. *Maiellano v. World Travel Grp., Inc.*, No. CIV.A. 06-5835 (JLL), 2009 WL 605264, at *3 (D.N.J. Mar. 9, 2009) *report and recommendation adopted,* No. 06-CV-5835 (JLL), 2009 WL 774483 (D.N.J. Mar. 24, 2009)).

### c. The Settlement Agreement is Fully Enforceable as an Oral Agreement

The settlement agreement placed on the record on January 12, 2015, is fully enforceable as an oral agreement. There is no need for the parties to sign a written release. An "agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Morris v. Gaspero*, 522 F. Supp. 121, 124-25 (E.D. Pa. 1981) (quoting *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); citing *Good v. Pennsylvania R. R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967)). Again, "where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement; this is true even if the terms of the agreement are not yet formalized in writing." *Mastroni-Mucker v. Allstate Ins. Co.*, 2009 PA Super 101, 976 A.2d 510 (2009). Execution of a written release cannot be required or enforced unless it is a term of the settlement agreement itself. Where the parties agreed to a specific monetary settlement and "signing of the

4

release was not made a condition of the settlement… tender of the release did not reopen the agreement or make its execution a condition to the settlement itself." *Id.*

Courts have consistently been clear that verbal agreements are enforceable as oral contracts without any need for a written release. In *LEAP Sys., Inc. v. MoneyTrax, Inc.* a confidential settlement placed on the record was an enforceable contract. (638 F.3d 216, 218 (3d Cir. 2011)). Again, in *Wolf v. Consol. Rail Corp.* the court ruled that "if all material terms of bargain are agreed upon, courts will enforce settlement agreement." 2003 PA Super 515, 840 A.2d 1004 (2003). The court further stated that a "settlement agreement, that is entered verbally before trial judge and that expresses intention of parties to settle case for agreed amount of money, is valid and binding, despite absence of any writing or formality. *Wolf v. Consol. Rail Corp.*, 2003 PA Super 515, 840 A.2d 1004 (2003). In *Pulcinello v. Consol. Rail Corp.*, the court ruled that "an oral settlement agreement may be enforceable and legally binding without a writing." 2001 PA Super 254, 784 A.2d 122 (2001). Even a party's refusal to sign a release in *Pulcinello* did not invalidate the settlement, "where settlement offer was made… offer was accepted, and signing [a] release was not a condition of settlement." *Id*. Clearly, an oral agreement between the parties that was placed on the record is more than sufficient as an enforceable contract.

### III. Conclusion

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion to Enforce Settlement.

                              Respectfully Submitted,

                              CLYMER CONRAD PC

Dated: 3/10/15                       /s/ *Jeffrey A. Conrad*_____
                                        Jeffrey A. Conrad, Esquire

                                  I.D. #85156  
                                  Emily M. Bell, Esquire  
                                  I.D. #208855  
                                  Attorneys for Defendants  
                                  408 West Chestnut St.  
                                  Lancaster PA 17602-2912  
                                  (717) 299-7101  

                                  INDEPENDENCE LAW CENTER

Dated: 3/10/15                   */s/ Randall L. Wenger*  
                                  Randall L. Wenger  
                                  Pa. ID No. 86537  
                                  23 North Front Street, 2nd Floor  
                                  Harrisburg, Pennsylvania 17101  
                                  Telephone 717-657-4990  
                                  Facsimile 717-545-8107  
                                  rwenger@indlawcenter.org

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROUTES 202 and 309 AND NOVELTIES GIFTS, INC. | § § | |
| Plaintiff, | § | CIVIL ACTION NO. 11-cv-5822 |
| vs. | § | |
| THE KING'S MEN, et al. | § | (Judge Petrese Tucker ) |
| Defendants. | § § | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I electronically filed the above document with the Clerk of Courts using the CM/ECF system, which automatically sends an electronic notification to the following attorneys of record: Brian Smith, Esq. and Joseph Diorio, Esq.

                                                      Respectfully Submitted,

                                                      /s/ *Jeffrey A. Conrad*_____
                                                      Jeffrey A. Conrad, Esq.
                                                      Attorney for Defendants

Dated: 3/10/15