IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROUTES 202 AND 309 AND NOVELTIES GIFTS, INC., | : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : : | NO. 11-5822 |
| THE KINGS MEN, et al., | : : | |
| Defendants. | : : | |

### ORDER

**AND NOW**, this __17th__ day of March, 2015, upon consideration of Plaintiff's Motion to Enforce Settlement (Doc. 112) and Defendants' Response in Opposition (Doc. 113), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.[1]

---

[1] The above-captioned matter was scheduled to go to trial on January 12, 2015. That morning, the parties reached a settlement agreement, the terms of which were read into the record by Defendants' counsel in a proceeding before the Court. The Court then engaged in the following exchange:
> The Court: Okay. Once the Court receives a copy, I will sign off on it or do you want me to dismiss it today to be followed by the order?
> Mr. Conrad: Yes, ma'am.
> The Court: The latter?
> Mr. Conrad: The latter, yes, ma'am.

(Pl.'s Mot. to Enforce Settlement, Ex. A, Transcript of Record at 5.) The same day, the Court entered an Order dismissing the matter pursuant to Fed. R. Civ. P. 41. (Doc. 110.)

This Court lacks subject matter jurisdiction to enforce the parties' settlement agreement. In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court of the United States stated that "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." 511 U.S. 375, 378 (1994). "[A] district court lacks jurisdiction to enforce a settlement agreement following the dismissal of an action unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction." *Guiuan v. Villaflor*, 544 F. App'x 64, 65 (3d Cir.

BY THE COURT:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, C.J.**

---

2013) (citing *Kokkonen*, 511 U.S. at 381-82).  Reciting the settlement agreement into the record is not sufficient to retain jurisdiction.  *Id.*; *see also Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504 (3d Cir. 2002) (holding that on-the-record statements, without any clear intent to retain jurisdiction to enforce a settlement, does not confer ancillary subject matter jurisdiction).

      Here, the Court cannot exercise jurisdiction because its dismissal order neither retained jurisdiction expressly nor incorporated the terms of settlement.  At the time of dismissal, there was no intent for the Court to retain jurisdiction to enforce settlement, as evidenced by the parties' verbal affirmation that the case be dismissed immediately without written entry of the settlement terms.  (*See* Transcript of Record at 5.)  There is also no independent basis for federal jurisdiction because the issue, breach of contract, is not a federal one and the parties are not diverse.  Thus, the Court denies Plaintiff's motion for lack of subject matter jurisdiction.  In making this decision, the Court renders no opinion on the enforceability of the settlement agreement.